KELLAR, APPELLANT, v. ROSS, APPELLEE.

(No. 9372—Decided October 28, 1963.)

*Messrs. Martin, Rack, Cors, Vale & Hogan,* for appellant.
*Mr. Edward J. Utz,* for appellee.

LONG, J.  On August 18, 1960, at about 8:30 in the evening, plaintiff was crossing the intersection of Fifth and Walnut Streets in the east crosswalk, going from south to north. When she reached a position in the north lane for east-bound traffic, she was struck by defendant's automobile which was going south on Walnut Street and making a left turn into Fifth Street.  There is no dispute that plaintiff was proceeding on the "WALK" sign and that she had left the "island" in the middle of the intersection on the "WALK" sign.

The jury rendered a verdict for defendant.  Appeal was had to this court.

One of the errors complained of was the refusal of the trial court to give plaintiff's special charge number three.  That charge is as follows:

"If you find from a preponderance of the evidence that plaintiff entered the crosswalk from the island in Fifth Street on a 'WALK' signal, I instruct you that, as a matter of law, the defendant in operating his motor vehicle southwardly on

Walnut Street and changing its course to eastwardly on Fifth Street, was required to yield the right of way to plaintiff.''

Section 4511.14 of the Revised Code, providing for ''Pedestrian control signals,'' uses this language:

''(A) 'Walk': Pedestrians facing such signal may proceed across the roadway in the direction of the signal and *shall be given the right of way* by the operators of all vehicles, streetcars, and trackless trolleys.'' (Emphasis added.)

It is urged upon this court that the refusal to give plaintiff's charge number three, if erroneous, was cured by the giving of a previous charge requested by plaintiff which, in effect, charged the jury that pedestrians in general have the right of way at all intersections. With this contention we do not agree. There is no question that pedestrians having a right of way are not entitled to an absolute right of way; they must exercise this privilege by using ordinary care under the circumstances; but this in no way affects the rule governing the plaintiff's right to the preference. Inasmuch as the Legislature saw fit to establish a rule of conduct, specially and particularly, when a pedestrian is confronted with a ''WALK'' sign, it entitles a pedestrian to a special charge on this subject when so confronted. If the charge had been given, the jury might well have found that failure of the defendant to grant the right of way was not only negligence on his part but that the plaintiff had a right to presume that defendant would yield her the right of way, thus excusing her of any contributory negligence.

It is our opinion that the trial court committed prejudicial error in its refusal to give plaintiff's special charge number three.

It is not necessary to discuss the other errors claimed by plaintiff.

The judgment is hereby reversed and the cause is remanded to the trial court for a new trial.

*Judgment reversed.*

HOVER, P. J., and HILDEBRANT, J., concur.